ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 13 2016
U.S. COURT OF
FEDERAL CLAIMS

---------------------------------------X

CHRIS BELL, RONALD BENAVIDES, BRIAN BONIFANT, ARLYN BRUNET,

PHILLIP CETRONE, CHISTOPHER CHONCHIN, ANDRE CLARK, MICHAEL COLE,

MELITON CORDERO, TERRY DAVIS, WENDY DAVIS, CARMEN DESHEPLO,

CHRISTOPHER M. DIAZ, KERMIT DIAZ, DAVID FLORES, ERIC FRIEDMAN,

JESUS GAMEZ, GEORGE GRECO, BRENDAN HANDRATTY,

GABRIEL HILL, GEORGE HORTON, PHILIP JONES, DAVE JOSEPH,

DARREN KAWCZYK, ROBERT KENNEDY, MATTHEW KRUSE,

GREGORY KRYWY, GERALD LUCAS, PETER MCMILLAN,

MICHAEL MIRANDA, MARCO MONCAYO, SAMARL PARK,

FRANCISCO PEREZ, ANTHONY PETTERSON, DAVID PINA, LAILA RICO,

JOSEP RINCONES, MIKE SERRA, JOSEPH SHEPHERD,

MICHAEL SILVEIRA, JOSEPH SLESAR, JAMES SOTO, JASON

STAAB-PETERS, CHANELLE WALLACE, JOHN WALTERS, CHRIS YORK,

Plaintiffs,

NO.:

16-830 C

vs.

UNITED STATES DEPARTMENT OF JUSTICE

and DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---------------------------------------X

## COMPLAINT

Now comes the Plaintiffs, by their attorneys, Mahon & Berger, Esqs., and complaining of the Defendants, they state:

1. Plainitffs are each current residents of Puerto Rico.

2. Defendant is the United States Department of Justice, an agency of the United States.

1

3. Defendant, Drug Enforcement Administration ("DEA"), is a department of the Department of Justice.

4. Each Plaintiff avers that he/she is employed as a General Schedule Special Agent Criminal Investigator, by the DEA.

### AS AND FOR A FIRST CAUSE OF ACTION

In this case, Plaintiffs are asking the Court for retroactive compensation in the form of Relocation Incentive Payments ("RIP"), pursuant to 5 USC Section 5753 and 5 CFR, part 575, subpart B.

5. Plaintiffs were assigned to Puerto Rico which Defendants have determined is a hard to fill position.

6. Each Plaintiff avers that he/she is entitled to a RIP for each year of service in Puerto Rico.

7. Each Plaintiff has served in Puerto Rico for at least 3 years and, in violation of Section 5753, have been paid a RIP for only one year, which was the initial year of service.

8. Upon information and belief, the Defendants prior to paying any RIP to any Plaintiff established a relocation incentive plan pursuant to 5 CFR Section 575.207 (the "Plan"). This Plan, upon information and belief, mandated that the Defendants pay a RIP to each eligible employee for each year of service in Puerto Rico instead of only the first year.

9. The Defendants have no authority to pay a RIP to any of its employees in the absence of a Plan, and must pay RIPs in accordance with the Plan.

10. Pursuant to the Plan, a RIP was retroactively paid to two employees, two are not Plaintiffs, for multiple years of service, after the Office of Personnel Management audited the Defendant DEA's Human Resource Division, yet the Defendants have failed to pay a RIP for each year of service to (except for the initial year of service) any of the Plaintiffs in violation of the Plan.

2

11. Upon information and belief, the DEA could not have been required to pay retroactive RIPs for multiple years to the two employees unless its previously established Plan, pursuant to 5 CFR 578.207, mandated such payments. Upon information and belief, the Plan does not distinguish between the two employees who were paid RIPs retroactively and the Plaintiffs who are similarly situated to those two employees.

12. Plaintiffs are entitled to the same benefits under the Plan as the two employees, but have not been paid any RIP for multiple years of service, except for the first year.

13. Defendants have breached its mandate to pay to each Plaintiff a RIP for each year of service.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiffs repeat each and every allegation contained in paragraphs 1-13 above.

15. Each Plaintiff and Defendant entered into contractual agreements whereby the Defendant agreed to reimburse each Plaintiff with a RIP for each year of service in Puerto Rico.

16. Defendant has breached its contractual obligation to each year of service in Puerto Rico.

WHEREFORE, the Plaintiffs ask this Honorable Court for (i) entry of a money judgment in the amount of all RIPs due for each year of service of each Plaintiff respectively; and (ii) that the Plaintiff be granted such other and further general and equitable relief to which it may be entitled.

Dated: July 1, 2016

Respectfully submitted,

Lawrence Berger, Esq.
Mahon & Berger, Esqs.
70 Glen Street, Suite 280
Glen Cove, New York 11542
(516) 671-2688
Fax: (516) 671-1148
LBerger@lbfedlaw.com

3